**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THOMAS TREMBACK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    No. 12 C 5901 |
| | ) |
| MONY LIFE INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Before the court is defendant's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons explained below, the motion is denied.

**BACKGROUND**

This is an action premised on diversity of citizenship in which plaintiff, Thomas Tremback, alleges that defendant, MONY Life Insurance Company ("MONY"), breached an insurance policy and vexatiously and unreasonably denied payment of a claim. The complaint alleges that MONY issued plaintiff a policy of disability income insurance, effective October 1, 1989, that provides for a basic monthly disability income benefit of $2,900, until the insured reaches the age of 65, with annual cost-of-living increases based on the Consumer Price Index. The policy includes a waiver of premiums that are due subsequent to the date of disability, and it has a rider that provides, under certain circumstances, for a

lifetime income benefit at age 65 and thereafter. Benefits are payable under the policy in the event that the insured suffers a "Covered Loss," which includes an "Incapacity," which occurs when the insured, due to an "Injury or Sickness, [is] not able to perform the substantial and material duties of [his] Regular Occupation" and is "under the Regular Care of a Physician because of that Injury or Sickness." (Compl., Ex. A, Policy at 4.)

Plaintiff, who is a physician, alleges that he contracted Hepatitis C and thus became unable to work in his most recent occupation as an anethesiologist. Hepatitis C is a liver disease that causes plaintiff to experience, among other things, cirrhosis, orthopedic impairments, extreme fatigue, and severe joint pain and swelling, making "any sort of sustained work impossible." (Compl. ¶ 12.) Plaintiff alleges that he applied for disability benefits under the policy on August 8, 2011, submitting proof that he had been disabled as of July 5, 2008.

On December 12, 2011, the third-party administrator, Disability Management Services Inc. (whom plaintiff has voluntarily dismissed from the action), notified plaintiff that his claim had been denied. On March 26, 2012, plaintiff submitted a written appeal and demand, along with additional medical evidence supporting his disability and the risks associated with any return to work. The denial of the claim was upheld.

Plaintiff filed this action on July 26, 2012. He seeks at least $170,474.81 in past-due disability benefit payments and a declaratory judgment that he has an ongoing entitlement to monthly disability benefit payments and the waiver of premiums as long as he continues to meet the policy's requirements. (Compl. ¶ 17.) He also asserts a claim under a provision of the Illinois Insurance Code, 215 ILCS 5/155 ("§ 155"), that permits a court to award an additional amount plus attorney's fees and costs for an insurer's vexatious and unreasonable failure to timely pay a claim.

MONY moves to dismiss the complaint for lack of subject-matter jurisdiction.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) allows a party to raise by motion the defense of lack of subject-matter jurisdiction. There are two types of challenges to jurisdiction--facial and factual. A facial challenge requires only that the court look to the complaint to see if the plaintiff has sufficiently *alleged* a basis for subject-matter jurisdiction. In such cases, the court assumes that the allegations in the complaint are true. Apex Digital, Inc. v. Sears, Roebuck & Co., 572 F.3d 440, 443-44 (7th Cir. 2009). A factual challenge, on the other hand, lies where the complaint is formally sufficient but the contention is that there is *in fact* no subject-matter jurisdiction. When a motion contains a factual attack on jurisdiction, the court may properly look

beyond the allegations of the complaint.  Id. at 444.  Here, MONY

does not dispute the complaint's factual allegations or seek to

introduce its own evidence,[1] so we will assume the truth of, and

confine our inquiry to, the complaint.  We will also consider the

insurance policy, which is attached to the complaint as Exhibit A

and thus considered a part of it pursuant to Federal Rule of Civil

Procedure 10(c).

Jurisdiction based on diversity exists if the amount in

controversy exceeds $75,000, excluding interest and costs, and the

suit is between citizens of different states.  28 U.S.C. §

1332(a)(1).  There is no dispute that the parties are of diverse

citizenship, but the amount in controversy is at issue.

"The amount in controversy is whatever is required to satisfy

the plaintiff's demand, in full, on the date suit begins."  Hart v.

Schering-Plough Corp., 253 F.3d 272, 273 (7th Cir. 2001) (emphasis

omitted).  The proponent of federal jurisdiction--here, plaintiff--

bears the burden of describing how the controversy exceeds the

jurisdictional threshold; this is a pleading requirement, not a

demand for proof.  See Spivey v. Vertrue, Inc., 528 F.3d 982, 986

(7th Cir. 2008); Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536,

---

[1]  In its reply brief, defendant strays briefly into the factual realm. We have disregarded defendant's argument that "what the plaintiff has failed to plead, and has since failed to advise this Court is that he voluntarily retired from his practice . . . in 2005 due to a contract dispute with [his] employer." (Def.'s Reply at 9.)  The point is raised for the first time in defendant's reply brief and is therefore waived.  Moreover, it is not supported by any evidence, and it is not a true attack on jurisdiction but rather a simple attack on the merits of plaintiff's case.

540 (7th Cir. 2006).  When the threshold is uncontested, we generally will accept the plaintiff's good-faith allegation of the amount in controversy unless it appears to a legal certainty that the recovery will be less than the jurisdictional amount. McMillian v. Sheraton Chicago Hotel & Towers, 567 F.3d 839, 844 (7th Cir. 2009).  If material factual allegations *are* contested, the plaintiff must prove those jurisdictional facts by a preponderance of the evidence.  Meridian, 441 F.3d at 543.[2]  The Seventh Circuit has emphasized that "[o]nly jurisdictional facts, such as which state issued a party's certificate of incorporation, or where a corporation's headquarters are located, need be established by a preponderance of the evidence." Back Doctors Ltd. v. Metro. Prop & Cas. Ins. Co., 637 F.3d 827, 830 (7th Cir. 2011) (emphasis omitted); see also Meridian, 441 F.3d at 540-41 (stating that a proponent of jurisdiction must prove contested factual assertions such as where each party resides, in order to establish domicile, or facts that determine the amount in controversy, such as the economic effect that compliance with the law would have on the defendant).  "Jurisdiction itself is a legal conclusion, a *consequence* of facts rather than a provable 'fact.'"  Meridian, 441 F.3d at 541.  The plaintiff does not have to establish that it is likely that he will prevail or, if he does, that he will obtain a

---

[2]  MONY contends in its reply that plaintiff must submit "proof to a reasonable probability that jurisdiction exists." (Def.'s Reply at 2.) In 2006, the Seventh Circuit explicitly "banished from [its] lexicon" the phrase "reasonable probability that jurisdiction exists." Meridian, 441 F.3d at 543.

judgment exceeding the amount-in-controversy requirement.  Back Doctors, 637 F.3d at 829.  The burden, rather, is to show what the plaintiff hopes to get out of the litigation; if this amount exceeds the jurisdictional threshold, the case proceeds in federal court unless a rule of law will keep the award under the threshold. Rising-Moore v. Red Roof Inns, Inc., 435 F.3d 813, 816 (7th Cir. 2006); see also Johnson v. Wattenbarger, 361 F.3d 991, 994 (7th Cir. 2004) ("A demand is legally impossible for jurisdictional purposes when it runs up against a statutory or contractual cap on damages or when the theories of damages employ double counting." (citations omitted)).

Plaintiff seeks "at least $170,474.81" in past-due disability benefit payments.  (Compl. ¶ 17.)  In its opening memorandum, MONY argues that the claim for unpaid disability benefits was at most only $63,800 at the time plaintiff filed suit.  MONY cites the following provisions of the policy ("you" refers to plaintiff):

> Notice of Claim - You must give [MONY] written notice of your claim by the end of 30 days, or as soon as reasonably possible, from:
> (a) the start of a Covered Loss; or
> (b) the occurrence or start of any other loss covered by this Policy.
>
> At least once every 12 months after notice has been given, you must give us notice that the loss has continued.  Unless you are legally impaired, we will not accept either notice after one year.  If notice is given late, your right to any benefits for the 12 months before the date when notice was given shall not be affected.

(Compl., Ex. A, Policy, § 12 at 7).

The Complaint alleges that plaintiff submitted written notice of his claim on August 8, 2011, with respect to a disability that allegedly began on July 5, 2008.  MONY contends that pursuant to the policy's terms, plaintiff's claim could begin no earlier than August 8, 2010 (12 months prior to his August 8, 2011 notice).  The policy provides for a basic disability income benefit of $2,900 per month, Compl. ¶ 8 and Ex. A, Policy at 1, so the claim for unpaid benefits, in MONY's view, is at most $69,600 ($2,900 x 24 (months from August 8, 2010 to the filing of the complaint)).[3]  MONY further argues that two months' worth of payments must be subtracted from this amount pursuant to the 60-day Excluded Period, Compl., Ex. A, Policy at 1 & § 2 at 4, so the claim is actually for no more than $63,800 ($69,600 - 2($2,900)) exclusive of interest and costs.

MONY's motion and opening memorandum, however, ignore plaintiff's claim under § 155 of the Illinois Insurance Code for the allegedly unreasonable and vexatious failure to pay his claim. Section 155 provides, in relevant part:

> In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:

---

[3]  MONY's memorandum actually states "$69,000 (24 x $2,900)," but this is either a typographical error or an approximation.  (Def.'s Mem. at 3.)

(a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;

(b) $60,000;

(c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

215 ILCS 5/155(1).

We asked MONY to file a supplemental memorandum addressing the effect of the § 155 claim on the amount in controversy (and we also requested response and reply briefs). In its supplemental memorandum, MONY asserts that any amounts recoverable on the § 155 claim should not factor into the jurisdictional amount because 28 U.S.C. § 1332 excludes interest and costs from the amount in controversy, and all amounts awarded under § 155 are considered discretionary "taxable costs" pursuant to the language of the statute and an Illinois state-court decision, Calcagno v. Personalcare Health Management, Inc., 565 N.E.2d 1330 (Ill. App. Ct. 1991). Plaintiff, in response, cites two cases in which the Seventh Circuit has counted § 155's statutory penalty toward the amount in controversy, Smith v. American General Life & Accident Insurance Co., 337 F.3d 888 (7th Cir. 2003) and Jump v. Schaeffer & Associates Insurance Brokerage, Inc., 123 F. App'x 717 (7th Cir. 2005). MONY argues that these cases are inapplicable because the Seventh Circuit "assumed" that a § 155 award is punitive, in contrast to a state-court decision deeming such an award

"remedial," <u>Marcheschi v. Illinois Farmers Insurance Co.</u>, 698
N.E.2d 683 (Ill. App. Ct. 1998).

MONY's reply is curious because the characterization of a §
155 award as "remedial" actually cuts against its position.  But in
any event, its reliance on labels is misplaced.  "[T]he division
between 'damages' and 'costs' in § 1332 depends on federal law,"
<u>Hart</u>, 253 F.3d at 274, not state law.  When a statutory penalty is
sought as part of an underlying claim (as it is here) rather than
pursuant to a separate post-judgment right to costs or fees
incurred in the litigation, it is properly considered part of the
amount in controversy even if the statute labels the penalty as a
"cost."  <u>El v. AmeriCredit Fin. Servs., Inc.</u>, 710 F.3d 748, 753
(7th Cir. 2013); <u>Mo. State Life Ins. Co. v. Jones</u>, 290 U.S. 199,
202 (1933).  Whether § 155's award of an "amount not to exceed" one
of the three specified amounts is called a penalty or an
"extracontractual remedy" (we will call it a "remedy"), the Seventh
Circuit has considered it part of the amount in controversy, <u>see</u>
<u>Jump</u>, 123 F. App'x at 720, and we follow its approach.

We need not address the effect of the attorney's fees sought
in this action because the § 155 remedy, when added to the past-due
benefits sought, brings the amount in controversy over the
jurisdictional threshold.  Defendant estimates the past-due
benefits at no more than $63,800; by plaintiff's calculations, when
including a cost-of-living adjustment, the past-due benefits sought

at the time the complaint was filed were $65,042.36. (Pl.'s Resp. at 2 n.1.) Using either estimate, the potential § 155 remedy puts the stakes over $75,000 no matter which statutory method for calculating the penalty is used. There is no indication that MONY offered to pay plaintiff any amount to settle his claim prior to the action, so the § 155 remedy would be $60,000 or 60 percent of the amount potentially recoverable against MONY, see 215 ILCS 5/155(1)(a)-(b), which would be roughly $39,000. Even using the percentage method, the amount in controversy (at a minimum, $63,800 + $39,000) exceeds $75,000.

We reject MONY's weakly-asserted contention that even if a § 155 award counts toward the amount in controversy, plaintiff's § 155 claim fails to meet federal pleading requirements and "looks frivolous." (Def.'s Reply at 8-9.) Under Illinois law, a court considers the totality of the circumstances when deciding whether an insurer's conduct is vexatious and unreasonable, "including the insurer's attitude, whether the insured was forced to sue to recover, and whether the insured was deprived of the use of her or his property." McGee v. State Farm Fire and Cas. Co., 734 N.E.2d 144, 151 (Ill. App. Ct. 2000). Plaintiff alleges that he twice submitted medical evidence in support of his claimed disability and that his claim and appeal were denied, and he obviously has been forced to sue to recover. These allegations present a story that "holds together," Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th

Cir. 2010), and they give MONY adequate notice of the § 155 claim. MONY confuses the inquiry by arguing that plaintiff must "provide competent proof of his Section 155 claim," Def.'s Reply at 8. This is a misstatement of the law. Plaintiff must provide a plausible estimate of what he hopes to recover, but he need not show that he is likely to prevail or collect more than $75,000. See Rising-Moore, 435 F.3d at 816; Back Doctors, 637 F.3d at 829-30. The standard of proof is irrelevant because MONY does not contest any of plaintiff's factual jurisdictional allegations. See Meridian, 441 F.3d at 543. Plaintiff has explained plausibly how the stakes exceed $75,000, showing more than just the "theoretical availability of certain categories of damages," McMillian, 567 F.3d at 844. There is no indication that plaintiff's claims are frivolous or that any rule of law will keep an award under the jurisdictional threshold, so we cannot say that it is clear beyond a legal certainty that his recovery will be less than the threshold. Accordingly, subject-matter jurisdiction is secure.

<b><u>CONCLUSION</u></b>

Defendant MONY Life Insurance Company's motion to dismiss the complaint for lack of subject-matter jurisdiction [9] is denied. A status hearing is set for May 15, 2013 at 11:00 a.m. to discuss the next steps in the case.

DATE:          May 1, 2013

ENTER:

_____

John F. Grady, United States District Judge